FANNY DOEPFNER, APPELLANT, v. HERMAN F. SNYDER, RESPONDENT.

Argued January 20, 1932—Decided May 2, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the appellant, *David Saperstein.*

For the respondent,

The opinion of the court was delivered by

PARKER, J. This case was argued for the appellant but the attorney for the defendant, not being a counselor-at-law, could not be heard in reply; and the court expressed its willingness to accept a brief for respondent later, if such brief was signed by a counselor-at-law. No brief of any kind for the respondent has been received.

The suit is by a landlord against her former tenant for rent alleged to be due under the terms of the lease, and unpaid. The lease itself was in writing, drawn on a New York form, and is voluminous and complicated in its provisions. However, the point in issue is comparatively simple.

The term created by the lease was one year beginning with the first day of November. The tenant moved out on the twenty-fourth of October preceding the expiration of this original term; but the claim of the landlord was that by reason of certain provisions in the lease, it had been automatically renewed for a year, and consequently the tenant was liable for the rent after he had moved out. The suit is for five months' rent, and we gather from the papers laid before us that this is for the period that the demised premises remained vacant after the removal of the tenant.

The provision in the lease relied on by the landlord is as follows, disregarding immaterial matters:

"11th. This lease and every renewal thereof shall be renewed for a further term as provided in this paragraph * * *. (1) If the term of this lease be for one or more years, without any additional odd months, it and every renewal thereof shall be renewed for a further term of a like number of years; * * *. Either the landlord or the tenant shall have the right to cancel any such renewal thereof by giving to the other written notice by registered letter with return card of such cancellation at least four months preceding the expiration of the then existing term. * * *."

The complaint was based upon the terms of the lease and the foregoing renewal clause and the failure of the tenant to give the notice required thereby, by reason whereof there was, as the landlord claimed, an automatic renewal for one year. The answer set up three defenses. The first was a general denial; the second was tantamount to a demurrer; the third set up *res judicata* in that the same claim had already been presented to a District Court and determined against the plaintiff. This last was eliminated and needs no further notice. There was a motion on the part of the plaintiff for summary judgment and this motion was denied, the court holding that the terms of the lease were ambiguous and that the testimony of the parties should be taken to determine their true intent concerning the lease. The third defense, however, was struck out. The case came on for trial before another judge who stated that he felt bound to follow the ruling previously made, and therefore left to the jury, among other things, the questions whether there was any ambiguity about the provisions for renewal (ground 5), whether it appeared from the testimony that the parties agreed to a renewal (ground 8), and instructed them (ground 6) that if there was an agreement to renew, plaintiff was entitled to her rent unless the jury found from the testimony that the parties agreed, notwithstanding the lease, that the tenant was released from this renewal. There are other grounds, but we need not stop to consider them except, perhaps, that the court refused to direct a verdict for the plaintiff.

We are unable to perceive any ambiguity in the lease with respect to this matter of renewal. The renewal clause is clear enough. At the argument it was suggested that there might be some question as to whether a clause providing indefinite renewals *ad infinitum* to be terminated only by notice was a valid agreement; but after consideration of the matter, we see no invalidity therein. All that the clause amounts to is this, that the parties shall be taken and considered as consenting to a renewal for another year without further definite action to that effect unless one party or the other expresses his dissent in writing and by registered mail at least four months before the end of the then existing term.

Usually a renewal is at the option of the tenant, to be exercised by him in some positive way; but if landlord and tenant agree in the form stated above, we think there is no legal objection to their doing so. In fact, the common law is to the effect that where a term expires and the tenant holds over with the consent of the owner, either expressed or implied, there is a renewal; and in the absence of any fixed limit to the consent, the tenancy becomes one from year to year. When this takes place the landlord cannot remove the tenant without giving three months' notice (*Comp. Stat. p.* 3077, § 29) to quit at the end of the year (*Steffens* v. *Earl,* 40 *N. J. L.* 128, 135), and the tenant must give the landlord six months' notice. *Katz v. Inglis (Court of Errors and Appeals), post, p.* 54. It will therefore be plain that where at common law the tenancy has become one at will or from year to year, the common law automatically renews it in the absence of notice of termination by one party or the other. See *Decker* v. *Adams,* 12 *N. J. L.* 99; *Leonard* v. *Spicer Manufacturing Co.,* 103 *Id.* 391.

It was therefore error to admit evidence relating to any oral agreements of the parties with regard to renewal at or preceding the execution of the written lease: and error to permit the jury to consider such evidence. The court should have instructed them that the provisions of the lease were definite and unambiguous and that the landlord was entitled to rely upon the four months' notice unless she had legally waived it. There was some evidence of conversations between the landlord and tenant in which the tenant claimed to have complained about the premises and that the landlord said he was at liberty to leave at any time he chose to, and that he did leave accordingly. If this question were within the scope of the pleadings, the jury would have been entitled to consider whether there had been a surrender by operation of law. These matters, however, were not within the record as neither surrender nor waiver was pleaded.

For the error in submitting the case based upon testimony of oral agreements between the parties by way of explaining supposed ambiguities in the lease, the judgment will be reversd to the end that a *venire de novo* be awarded.